UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

**MELISSA HOLDER,**

                              **Plaintiff(s),**

        -against-

**RHONDA BOBB,
LET'S TALK WITH RHONDA BOBB LLC**

                              **Defendant(s).**

Index No.: 24-2362

**COMPLAINT**

Jury Trial Demand

-----------------------------------------------------------------------

Plaintiff, **MELISSA HOLDER,** complaining of defendants, by her attorneys, Washington Law Firm P.C., attorneys-at-law, respectfully alleges as follows upon information and belief:

## NATURE OF THE CASE

1. This is an action for defamation, harassment and personal injuries. The Plaintiff is seeking permanent injunction and damages arising from the false remarks made by the defendant in relation to the Plaintiff.

## VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C 1332 because there is complete diversity of citizenship between the Plaintiff and defendant and the amount in controversy exceeds $75,000.00. Diversity of citizenship exist because the Plaintiff is a citizen of Guyana residing in the state of New Jersey and the defendant is a citizen of New York.

3. Venue is proper in this District, pursuant to 28 U.S.C. 1391(b) as both Defendants are citizen and resides in the State of New York and the wrong complained of occurred substantially within the state of New York.

## THE PARTIES

4. At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Essex, State of New Jersey residing at 48 Arvern, terrace Arvern, Irvington NJ 07111.

5. The defendant **Rhonda Bobb** is natural personal and a resident of the County of Queens, City and State of New York, residing at 8610 151st Avenue, 3A, Howard Beach, NY 11414.

6. The Defendant **LET'S TALK WITH RHONDA BOBB LLC** is a domestic limited liability company registered in the State of New York, with DOS ID number 7166952, and post office address of 8610 151st Avenue, 3A, Howard Beach, NY 11414.

## RELEVANT FACTS

7. The Plaintiff is a social media influencer who produces various talk shows on events focusing on current affairs and entertainment, particularly those affecting the country of Guyana in South America

8. The Plaintiff operates a Facebook page under the name "Melly Mel" with a following of approximately one hundred and fifteen thousand (115,000) Facebook users.

9. The defendant is also a social media personality with a focus on the current affairs of Guyana.

10. Defendant operates under the second named defendant **LET'S TALK WITH RHONDA BOBB LLC,** a Facebook page with a following of approximately forty-eight thousand (48,000) Facebook followers.

## AS TO A FIRST CAUSE OF ACTION

## DEFAMATION

11. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

12. On or about February 18, 19, and 20, 2024, the defendant Rhonda Bobb, while producing live content for the defendant Let's Talk With Rhonda Bobb LLC, began engaging in a series of conduct intending deliberately to defame, harass, bully and intimidate the Plaintiff.

13. The defendant Rhonda Bobb first posted a series of videos defaming the Plaintiff by falsely claiming that the Plaintiff had engaged in criminal conduct by extorting large sums of money from certain individuals.

14. Rhonda Bobb falsely claimed that the Plaintiff extorted millions of dollars from individuals and also claimed that the Plaintiff operates by swindling other people and was illegally present in the United Stated without a social security number.

15. The Plaintiff and Rhonda Bobb have never met in person and the parties had no prior relationship save for and except that the parties briefly appeared on a political talk show for a few minutes together.

16. Rhonda Bobb, while producing and sharing content for the defendant Lets Talk With Rhonda Bobb LLC, has published several videos and written posts which remain on her social media page defaming the Plaintiff and has not removed such videos.

17. The sole purpose for the defendants publishing such false and defamatory information about the Plaintiff was to intentionally paint her in a false and damaging light to the public at large.

18. As a result of the Defendants' conduct, the Plaintiff has lost several potential advertising deal and some of her followers.

19. As a result of the Defendant's wrongful conduct the Plaintiff has suffered emotional distress, loss and damages.

20. The defendant's defamatory statements were published, without privilege or authorization, on her Facebook and Tik Tok page and were directly accessible to the public at large.

21. The defendant's defamatory statements caused special harm to the Plaintiff due to both parties' large Facebook followings and the Plaintiff's popularity.

22. As a result of the defendant's defamatory statements about the Plaintiff, the Plaintiff has suffered damages in excess of $1,000,000.00.

**WHEREFORE** the plaintiff is seeking judgment against the defendants in excess of $1,000,000.00.

## AS TO A SECOND CAUSE OF ACTION
## HARASSMENT

23. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

24. The defendant has engaged in a course of conduct whereby she has repeatedly sought to harass the Plaintiff by making false allegations regarding the Plaintiff's immigration status.

25. The Defendant has made numerous false allegations during her Tik Tok live videos regarding the Plaintiff's status online by claiming that the Plaintiff was out of status in the United Stated.

26. The sole purpose for the defendant making those allegations was to harass, annoy and intimidate the Plaintiff.

27. The defendant knew or must have known her conduct would have resulted in injury and harm to the Plaintiff.

28. At the time the defendant embarked on her course whereby she made all such false allegations, there was no basis for her making those allegations and the Defendant knew or should have known that such allegations were false and that her conduct was negligent and or reckless.

29. At the time the defendant made such allegations, the Plaintiff was lawfully present and still is lawfully present in the United States.

30. As a result of the defendant's negligent and or reckless conduct the Plaintiff has suffered damages.

31. Wherefore the Plaintiff demands damages in excess of $1,000,000.00 in damages against the defendant for harassment.

## AS TO A THIRD CAUSE OF ACTION
## PERSONAL INJURIES

32. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

33. Prior to the Defendant Rhonda Bobb making false allegations online, harassing and bullying the Plaintiff, the Plaintiff was healthy and did not suffer from any of the medical conditions she now suffers from.

34. After the Defendant Rhonda Bobb embarked on her course of conduct purposely intending to cause and did cause injury to the Plaintiff, the Plaintiff began experiencing panic attacks, anxiety and depression.

35. Other third parties who listened to Rhonda Bobb's videos or read her comments which were published while producing content for the defendant Lets Talk With Rhonda Bobb LLC also began to send harassing messages to the plaintiff and attempted to continue the harassment in support of the Defendant.

36. The Plaintiff has taken steps to seek medical care for her panic attacks, anxiety and depression.

37. The defendant's conduct is the direct and proximate cause of the Plaintiff's personal injuries.

38. The Defenant must have known or should have known that her conduct would have resulted in injuries to the Plaintiff since she was negligent and or reckless as to the consequences of her action towards the Plaintiff.

39. Wherefore the Plaintiff claims damages in excess of $1,000,000.00 for the defendants' wrongful conduct which resulted in personal injuries to her.

**PLAINTIFF DEMANDS A PERMANENT INJUNCTION RESTRAINING THE DEFENDANT FROM CONTINUING TO PUBLISH FALSE INFORMATION ABOUT HER.**

40. The defendant has allowed the defamatory content about the Plaintiff to remain on her Facebook page and has not removed such content.

41. The presence of such content is visible to the world at large and continues to cause harm and damage to the Plaintiff.

42. As long as such harmful content remains visible to the public at large the Plaintiff is likely to continue to suffer from depression, panic attacks and anxiety. Such content is also likely to continue to cause harm to the Plaintiff social medica business.

43. Wherefore the Plaintiff seek a Permanent Injunction restraining the defendant from continuing to publish false information.

**WHEREFORE** the plaintiff is seeking judgment against the defendants in excess of $3,000,000.00for damages she suffered as a result of the defendants' negligent conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands the following relief against Defendants:

A. Award actual damages resulting from Defendant's defamation of the Plaintiff's character in excess of $ 1,000,000.00   .

B. Award actual damages resulting from Defendant's harassment in excess of $1,000,000.00.

C. Award damages against the Defendant in excess of $1,000,000.00 for the Plaintiff's resulting personal injuries.

D. Punitive damages in an amount to be proven at trial:

E. Pre and post-judgment cost, interest and attorney's fees:

F. Such other and further relief as this Court deem appropriate and equitable.

| | |
|---|---|
| Dated: Brooklyn, NY<br>        March 28, 2024 | /s/ *Shellon O. Washington*<br>By: Shellon O. Washington, Esq.<br>Washington Law Firm P.C.<br>455 Utica Avenue, Suite 2R<br>Brooklyn, NY 11203<br>Tel.: (718) 877-3100<br>Fax: (855) 843-6236 |

To:
RHONDA BOBB
8610 151st Avenue, 3A
Howard Beach, NY 11414

LETS TALK WITH RHONDA BOBB LLC
8610 151st Avenue, 3A
Howard Beach, NY 11414