**Via ECF**

July 22, 2024

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1892

                      In re:   *Holder v. Bobb et al.*
                      Case No.: 1:24-cv-02362-KAM-LKE

Dear Hon. Kiyo A. Matsumoto:

      This office represents Defendants in the above-referenced matter. The purpose of this letter is to explain why there is good cause as to the delay in providing the Answer to the Amended Complaint filed in this instant matter, as ordered by this Honorable Court on July 11, 2024. Additionally, this letter also serves as a formal request for an extension of time to file a belated Answer with respect to the above-mentioned pleading.

      As an initial matter, I respect the Court and its time, and any delay to properly respond to the above-mentioned order was not an attempt to delay or otherwise prolong litigation, rather, was the unfortunate result of a cardiac event suffered while traveling, <u>*of which required emergency intervention*</u>. Of note, the undersigned suffers from congestive heart failure and remains susceptible to periodic cardiac episodes, despite due diligence and prescribed medications. This does not hinder my capability of representing my client with diligence. It does mean from time to time there are unexpected events.

      Additionally, as my law office has recently undergone a physical relocation and has experienced technical difficulties during the change in our client management systems, which has inadvertently resulted in experiencing problems with both receiving and tracking active applications through ECF Bounces. We continue to fix this issue through paid for systems that help my office keep up with ECF Bounces. The reason this is so imperative is that during the treatment, I could not task a paralegal to assist. We sincerely apologize to this Court. Throughout the years I have had to content with a change in my cardiac treatment which neccessarily takes time to resolve, usually comes without notice, and unfortunately does effect deadlines.

      In response to this revelation, my law office has implemented DocketBird, a powerful mobile application for legal professionals that makes it easier to use PACER and other

management systems related to tracking and receiving updates for federal matters so that emails and notices from the USDC are not missed. We are continuing to understand how to use this technology. The Defendant in this matter should not be penalized. While the implementation has taken more time than we would have liked, we are confident that it will prevent such delays in the future.

We apologize to this Honorable Court and opposing counsel for any and all delays in responding to the Order and Amended Complaint filed in this instant matter. However, we firmly believe that the newly adopted system will ensure that emails and updates with respect to the USDC will not be missed.

As this Honorable Court knows, "[t]o establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. [The party] must also establish good cause for his failure to seek an extension in advance of the filing date." *Luther v. Dep't of Def.*, No. DC-315H-00-0090-I-1, 2001 WL 880721 (M.S.P.B. Aug. 1, 2001) (internal citations omitted).

Further, the determination of good cause inquires "whether [the party] has done so, the [Court] will consider, among other factors, the reasonableness of the party's excuse, the nature of the showing of diligence, and whether [the party] presented evidence of *the existence of circumstances beyond his control, unavoidable casualty or misfortune that affected his ability to comply with the time limits*. In addition, the [Court] must consider the length of the delay in every good cause determination." *Id*. (internal citations omitted) (emphasis added).

Once again, we apologize to both this Honorable Court and opposing counsel with respect to any and all delays in timely responding to the Order and Amended Complaint filed in this instant matter. As previously discussed, any failure to timely file the so-ordered Answer was not willful, as the undersigned recently experienced a cardiac event—that required hospitalization—and was therefore unable to timely respond to this Court's Order. Additionally, any and all delays, in part, due to technical difficulties have been rectified pursuant to ensuring that any and all updates from this Honorable Court are timely received.

Consequently, in light of the above-mentioned circumstances, my office requests the Court's leave to file yet another premotion conference letter. There is substantial documentary evidence that despite the representations to this Court, that Defendant continues to live and reside in Brooklyn–which after divests this Court of jursidiction. Further, the same issues that remained in the first complaint, remain in the second complaint, we believe there are threshold issues that make defamation impossible under the circumstances. Specially, both individuals are public figures.

Therefore, in fairness to my client, who should not have their meritorious defenses detrimentally affected for reasons outside of anyone's control, I respectfully request that this

Honorable Court grant an extension of time to file a late-filed Answer to the Amended Complaint, as ordered.

      Again, I sincerely apologize for any delays, both to my colleagues and especially to this Court. I would ask that Defendant be given leave to submit a letter for another premotion conference in accordance with this Court's rules.

      Thank you for your time, patience and understanding with respect to this matter.

      Respectfully submitted,

*/s/ Victor M. Feraru*
*Attorney for Defendants*
57 W. 57th Street
Suite 407
New York, New York 10019
T: 516-699-2285
E: victor@vicslaw.com

cc: All Parties via ECF