# WASHINGTON LAW FIRM P.C.
## ATTORNEYS-AT-LAW

455 Utica Avenue, Suite 2R  
Brooklyn, NY 11203.

Telephone (718) 877-3100  
E-Fax (855) 843-6236

August 9, 2024

Hon. Kiyo A. Matsumoto  
United States District Court Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201  
Courtroom: 6B South

Re: **Melissa Holder v. RHONDA BOBB, and LET'S TALK WITH RHONDA BOBB LLC . Case No.: 1:24-cv-02362-KAM-CLP.**

Dear Hon. Kiyo A. Matsumoto

This letter is being sent in compliance with your order dated August 1, 2024, requesting that the Plaintiff respond to the defendant's letter dated July 31, 2024. The Plaintiff is seeking to file a choice of law motion. Plaintiff is eager that this matter should move forward quickly so that the defendants can be permanently enjoined from continuing their wrongful conduct against her.

The defendants have misconstrued the claims and legal theories in the Plaintiff's complaint. The issue as it relates to fact and opinion simply has no bearing on the issue involved in this case. The status of a Facebook influencer as a public figure, particularly in the context of defamation law, is determined based on specific criteria that focus on their involvement in public controversies and their efforts to influence such controversies. The number of followers is not dispositive of this. The legal concept of a public figure in defamation cases includes both "general-purpose public figures" and "limited-purpose public figures" (Ralston v. Garabedian, 676 F.Supp.3d 325 (2021))[2], (Shanley v. Hutchings, --- F.Supp.3d ---- (2024))[3]. For a Facebook influencer to be considered a limited-purpose public figure, three key criteria must be met (Krass v. Obstacle Racing Media, LLC, 667 F.Supp.3d 1177 (2023))[1], (Ralston v. Garabedian, 676 F.Supp.3d 325 (2021))[2], (Anaya v. CBS Broadcasting Inc., 626 F.Supp.2d 1158 (2009))[7], (Gottwald v. Sebert, 193 A.D.3d 573 (2021))[8]: 1. The existence of a public controversy. 2. The influencer's active involvement in this controversy, aimed at influencing its outcome. 3. The relevance of the alleged defamation to the influencer's participation in the controversy.

The courts have emphasized that merely having access to media or being involved in activities that attract public interest does not automatically confer public figure status. The influencer must have engaged in actions that sought to affect the outcome of a public controversy significantly. For instance, in cases where influencers are involved in controversies through their social media activities and these activities are central to the controversy at hand, they may be deemed public

figures for the purposes of that issue. Based on the analysis used to determine the status of an internet influencer, the defendant would not be able to establish that the Plaintiff is a public figure.

In summary, whether a Facebook influencer is considered a public figure for defamation purposes hinges on their proactive involvement in a public controversy and their intent to influence its resolution. If their role is significant and directly related to the controversy, they may be considered a limited-purpose public figure (Krass v. Obstacle Racing Media, LLC, 667 F.Supp.3d 1177 (2023))[1], (Ralston v. Garabedian, 676 F.Supp.3d 325 (2021))[2], (Prince v. Intercept, 634 F.Supp.3d 114 (2022))[6]. If not, they might retain their status as private individuals in that context and as in the case of the Plaintiff in this matter. The defamatory content published by the defendants has no bearing or relation to any public controversy that the Plaintiff was attempting to influence the outcome of. Furthermore, the infrequency and the type of content to which the Plaintiff produces is never geared to substantially influence the outcome of any matter of public interest. Thus, the defendants' argument that the Plaintiff is a Public figure must fail.

Furthermore, conflict of law principle would apply here since the issues discussed by the Plaintiff on the internet are centered around events in Guyana. The followers of both parties are also predominantly located in Guyana. The internet is largely international, however the content produced by the parties are geared towards Guyanese audience. The laws in Guyana the country where the defendants' defamatory statements were directed have no special requirements for a public figure in defamation. Guyana's defamations laws do not protect a defendant by classifying a Plaintiff as a public figure thereby requiring any malice. If conflict of law principles permits the applicable law as the laws in Guyana, then the issue of public figure is completely inapplicable. See LAWS OF GUYANA, 2 Cap. 6:03 Defamation (L.R.O. 1/2012).

Under New York choice-of-law rules, "the first step in any choice of law inquiry is to determine whether there is an 'actual conflict' " between the rules of the relevant jurisdictions. See Booking v. Gen. Start Mgmt. Co., 254 F.3d 414, 419-20 (2d Cir. 2001) (citation omitted). In the instant case there is a conflict in that in the country of the Plaintiff's citizenship and also the country where the defamatory content was directed, there is no public figure for the purpose of defamation. Whereas in the defendant's resident state, the law recognized a public figure for the purpose of defamation. Although it would be impossible for the court to find the Plaintiff as a general or limited purpose public figure, the Plaintiff believes that laws of the jurisdiction with the most significant relationship to the parties and the tort should apply. See Catalanello v. Kramer, 18 F. Supp. 3d 504, 512 (S.D.N.Y. 2014).

Therefore, for all of the foregoing reasons the Plaintiff believes that the defendant intended motion is futile and would only serve to further delay the Plaintiff from prosecuting this case in an expeditious manner. Furthermore, the Plaintiff believed that she is entitled to file her choice-of-law motion.

If your honor has any questions regarding the content of this letter, please contact the undersigned. Thank you for your attention to this.

_____
Shellon O. Washington Esq.

Case 1:24-cv-02362-KAM-LKE   Document 21   Filed 08/09/24   Page 3 of 3 PageID #: 66