UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

**MELISSA HOLDER,**

                              **Plaintiff(s),**

      -against-

**RHONDA BOBB,**
**LET'S TALK WITH RHONDA BOBB LLC**
                             **Defendant(s).**

Index No.: 24-2362

**AMENDED COMPLAINT**

Jury Trial Demand

-------------------------------------------------------------------

Plaintiff, **MELISSA HOLDER,** complaining of defendants, by her attorneys, Washington Law Firm P.C., attorneys-at-law, respectfully alleges as follows upon information and belief:

## NATURE OF THE CASE

1. This is an action for defamation, harassment and personal injuries. The Plaintiff is seeking permanent injunction and damages arising from the false remarks made by the defendant in relation to the Plaintiff.

## VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C 1332 because there is complete diversity of citizenship between the Plaintiff and defendant and the amount in controversy exceeds $75,000.00. Diversity of citizenship exist because the Plaintiff is a citizen of Guyana residing in the state of New Jersey and the defendant is a citizen of New York.

3. Venue is proper in this District, pursuant to 28 U.S.C. 1391(b) as both Defendants are citizen and resides in the State of New York and the wrong complained of occurred substantially within the state of New York.

## THE PARTIES

4. At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Essex, State of New Jersey residing at 48 Arvern, Terrace Arvern, Irvington NJ 07111.

5. The defendant **Rhonda Bobb** is natural personal and a resident of the County of Queens, City and State of New York, residing at 8610 151st Avenue, 3A, Howard Beach, NY 11414.

6. The Defendant **LET'S TALK WITH RHONDA BOBB LLC** is a domestic limited liability company registered in the State of New York, with DOS ID number 7166952, and post office address of 8610 151st Avenue, 3A, Howard Beach, NY 11414.

## RELEVANT FACTS

7. The Plaintiff is a social media influencer who produces various talk shows on events focusing on current affairs and entertainment, particularly those affecting the country of Guyana in South America

8. The Plaintiff operates a Facebook page under the name "Melly Mel" with a following of approximately one hundred and fifteen thousand (115,000) Facebook users.

9. The defendant is also a social media personality with a focus on the current affairs of Guyana.

10. Defendant operates under the second named defendant **LET'S TALK WITH RHONDA BOBB LLC,** a Facebook page with a following of approximately forty-eight thousand (48,000) Facebook followers.

## AS TO A FIRST CAUSE OF ACTION
## SLANDER AND LIBEL

11. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

12. On or about February 18, 19, and 20, 2024, the defendant Rhonda Bobb, while producing live content for the defendant Let's Talk With Rhonda Bobb LLC, began engaging in a series of conduct intending deliberately to defame, harass, bully and intimidate the Plaintiff.

13. The defendant Rhonda Bobb first posted a series of videos defaming the Plaintiff by falsely claiming that the Plaintiff had engaged in criminal conduct by extorting large sums of money from certain individuals.

14. Rhonda Bobb falsely claimed that the Plaintiff extorted millions of dollars from individuals and also claimed that the Plaintiff operates by swindling other people and was illegally present in the United Stated without a social security number.

15. The defendant Rhonda Bobb has also published false written statements about the Plaintiff with the sole intend of damaging the Plaintiff's reputation

16. Rhonda Bobb, while producing and sharing content for the defendant Lets Talk With Rhonda Bobb LLC, has published several videos and written posts which remain on her social media page defaming the Plaintiff and has not removed such videos.

17. Between February 18 to 20, 2024 the defendant Rhonda Bobb posted several live comments one of which she stated that the Plaintiff should *"stop trying to take the heat off yourself, we all know you getting paid to do people dutty wuk, go back to Guyana ..."*

18. This defendant went on to tell her audience *"ask her the reason she cover up the story…why you here over Melly Mel scunt if she got 2.4…When she find it where she could extort money she does that, that's what she been doing and when I found out that I backed away from everything… Now I don't want to be implicated with this fucker no more, I don't want to be implicated in that. I don't agree with what she did with critics, I don't believe Mr. Mohammed should have give (sic) her those things to post on the internet and she should have never posted those things on the internet… You're right in Brooklyn, you're not hard to find bitch…Unless you moved from where you were because of the extorsion."*

19. The defendant continued ranting for more than five minutes in her first live on February 18, 2024. Defendant often referring to the Plaintiff as she, her or Melly Mel where possible claimed *"she trying to throw the heat off she because people are saying that Mr. Mohammed paid she… She's using all you, ya'll fucking stupid scunt for money."* because when ya'll send she these big fucking big stories, guest what she do, she teasing oh I got a big thing coming, oh I got a big thing coming up and then it doesn't drop, guest what, she sends the story to people, I'm about to drop this and then she collects millions of fucking dollars to stop the fucking story, ya, that's what she's doing. So ya'll didn't know what she's doing that exactly what the fuck she's doing.."

20. The defendant went on to state *"you want we play dirty? 89 million in extorsion money, split between her and a group of people, 89 million dollars that's how long they have been doing it. That's the number of reports they have against them over the last 3 years. 89 million dollars. It's a group of them that have been extorting people of money on*

*the internet. Since she's team Mohammed, I'm team Critics. Guest what' she's getting money to do she dirty work."*

21. The defendant Rhonda Bobb seems to take a position that the Plaintiff wronged her by reposting a video someone posted of her. The defendant made remarks that she always defended the Plaintiff and the Plaintiff's friends but the Plaintiff would never defend her because of her race.

*22.* The defendant claimed that Plaintiff reposted a video about her knowing that the video wasn't true. Rhonda Bobb claimed that she has defended the Plaintiff with video for storied published about the Plaintiff which were false. Rhonda Bobb claimed that she *"always represented her but she would never represent me because this hair straight…I would stand up with everything about them, they all about race, fuck all of them, they fake as fuck, fuck all of them."*

23. The defendant Rhonda Bobb clearly stated in her videos that she had actual malice for publishing false videos about the Plaintiff. Defendant stated in her videos that she had a personal vendetta against the Plaintiff for reposting a video about her and also for posting videos about the social media influencer Critics.

24. Rhonda Bobb stated that *"I get attorney money, and I would make sure she never see a green card in this country. I am an American. We already know where the fuck you're living, you're living in a basement. You're an illegal citizen."*

25. The sole purpose for the defendants publishing such false and defamatory information about the Plaintiff was to intentionally paint her in a false and damaging light to the public at large.

26. The defendant has a grievance with the Plaintiff in that she claimed that the Plaintiff failed to defend her and that the Plaintiff reposted a video about her. The defendant also seemed to take offence with the Plaintiff for reposting video about a social media influencer, Critics.

27. In her videos the defendant exhibited a clear malicious intent because she was of the belief that the Plaintiff failed to defend her and that the Plaintiff posted videos against someone she supported.

28. The Plaintiff is an upright member of society and has never been charged with any crime or accused of extortion.

29. The Plaintiff is also legally present in the United States and has a social security number.

30. The defendant Rhonda Bobb knew very well that the allegations she was publishing about the Plaintiff were false and she published such defamatory content with full knowledge of its falsity.

31. The defendant Rhonda Bobb while making her defamatory comments claimed that if the Plaintiff wanted to play dirty she will and repeatedly stated that the Plaintiff extorted 89 million dollars and that the Plaintiff was paid by a person who was sanction by the US Government for his role in public corruption in Guyana including his involvement in bribery and money laundering and who is also under federal probe i.e. Azruddin Mohammed.

32. The defendant Rhonda Bobb willfully and deliberately with malice made false statement that the Plaintiff was paid my Azruddin Mohammed to publish false videos of a social media influencer.

33. At the time the defendant made such false statement, her conduct was with malice and she deliberately intended to cause harm to the Plaintiff character since she knew that such statements were false.

34. The Plaintiff never had a relationship with or in any way communicated with Azruddin Mohammed, neither was the Plaintiff ever implicated in any legal investigation or probe involving Azruddin Mohammed.

35. The defendant Rhonda Bobb is in the business of publishing false defamatory statements of anyone to whom she has an issue with and was also sued by other Plaintiffs in New York state courts.

36. As a result of the Defendants' conduct, the Plaintiff has lost several potential advertising deals and some of her followers.

37. As a result of the Defendant's wrongful conduct the Plaintiff has suffered emotional distress, loss and damages.

38. The defendant's defamatory statements were published, without privilege or authorization, on her Facebook and Tik Tok page and were directly accessible to the public at large.

39. The sole purpose for the defendant Rhonda Bobb publishing false information about the Plaintiff was to deliberately exposes the Plaintiff to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, or induces evil opinion of her in minds of right-thinking persons.

40. The defendant failed to determine the truthfulness of her publication and acted with hatred, spite of ill will towards the Plaintiff.

41. The content produce by the Defendant Rhonda Bobb is geared towards supporting a particular political party in Guyana which is opposed to the political party supported by the Plaintiff.

42. The defendant's defamatory statements caused special harm to the Plaintiff due to defendant's large following and the nature of business operated by the Plaintiff.

43. As a result of the defendants' wrongful conduct the Plaintiff has lost revenue for some of her clients who markets their business with the Plaintiff.

44. As a result of the defendant's defamatory statements about the Plaintiff, the Plaintiff has suffered damages in excess of $1,000,000.00.

**WHEREFORE** the plaintiff is seeking judgment against the defendants in excess of $1,000,000.00.

## AS TO A SECOND CAUSE OF ACTION
## INJURIOUS FALSEHOOD

45. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

46. The defendant Rhonda Bobb maliciously made false statements with the intent to harm the plaintiff, or recklessly without regard to their consequences.

47. The defendant Rhonda Bobb should have anticipated that her conduct would cause damage to the Plaintiff since a reasonably prudent person would have or should have anticipated that damage to the plaintiff would result.

48. The defendant Rhonda Bobb slandered the Plaintiff by claiming that the Plaintiff extorted millions of dollars from individuals and also claimed that the Plaintiff operates

by swindling other people and was illegally present in the United Stated without a social security number.

49. On information and belief, the defendant Rhonda Bobb failed to take reasonable steps to verify the truthfulness or falsely of such information.

50. The Plaintiff is not present in the United States Illegally and

51. The Rhonda Bobb was reckless and or negligent in that she failed to take any or all reasonable steps to verify such information prior to publishing such false information on the internet during her talks shows which targets predominantly Guyanese audience.

52. **WHEREFORE** the plaintiff is seeking judgment against the defendants in excess of $1,000,000.00.

### AS TO A THIRD CAUSE OF ACTION
### PERSONAL INJURIES

53. The plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

54. Prior to the Defendant Rhonda Bobb making false allegations online, harassing and bullying the Plaintiff, the Plaintiff was healthy and did not suffer from any of the medical conditions she now suffers from.

55. After the Defendant Rhonda Bobb embarked on her course of conduct purposely intending to cause and did cause injury to the Plaintiff, the Plaintiff began experiencing panic attacks, anxiety and depression.

56. Other third parties who listened to Rhonda Bobb's videos or read her comments which were published while producing content for the defendant Lets Talk With Rhonda Bobb LLC also began to send harassing messages to the plaintiff and attempted to continue the harassment in support of the Defendant.

57. The Plaintiff has taken steps to seek medical care for her panic attacks, anxiety and depression.

58. The defendant's conduct is the direct and proximate cause of the Plaintiff's personal injuries.

59. The Defendant must have known or should have known that her conduct would have resulted in injuries to the Plaintiff since she was negligent and or reckless as to the consequences of her action towards the Plaintiff.

60. Wherefore the Plaintiff claims damages in excess of $1,000,000.00 for the defendants' wrongful conduct which resulted in personal injuries to her.

**PLAINTIFF DEMANDS A PERMANENT INJUNCTION RESTRAINING THE DEFENDANT FROM CONTINUING TO PUBLISH FALSE INFORMATION ABOUT HER.**

61. The defendant has allowed the defamatory content about the Plaintiff to remain on her Facebook page and has not removed such content.

62. The presence of such content is visible to the world at large and continues to cause harm and damage to the Plaintiff.

63. As long as such harmful content remains visible to the public at large the Plaintiff is likely to continue to suffer from depression, panic attacks and anxiety. Such content is also likely to continue to cause harm to the Plaintiff social medica business.

64. Wherefore the Plaintiff seek a Permanent Injunction restraining the defendant from continuing to publish false information.

**WHEREFORE** the plaintiff is seeking judgment against the defendants in excess of $3,000,000.00for damages she suffered as a result of the defendants' negligent conduct.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands the following relief against Defendants:

A.  Award actual damages resulting from Defendant's defamation of the Plaintiff's character in excess of $ 1,000,000.00   .

B.  Award actual damages resulting from Defendants' conduct resulting in Injurious Falsehood in excess of $1,000,000.00.

C.  Award damages against the Defendant in excess of $1,000,000.00 for the Plaintiff's resulting personal injuries.

D.  Punitive damages in an amount to be proven at trial:

E.  Pre and post-judgment cost, interest and attorney's fees:

F.  Such other and further relief as this Court deem appropriate and equitable.

Dated: Brooklyn, NY
    September 27, 2024

*/s/ Shellon O. Washington*
By: Shellon O. Washington, Esq.
Washington Law Firm P.C.
455 Utica Avenue, Suite 2R
Brooklyn, NY 11203
Tel.: (718) 877-3100
Fax: (855) 843-6236