LAW OFFICE OF
VICTOR M. FERARU
**134 N 4th STREET SUITE 2114, BROOKLYN, NEW YORK 11249**

**Via ECF**

October 8, 2024

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1892

In re:   *Holder v. Bobb et al.*
Case No.: 1:24-cv-02362-KAM-LKE

Dear Hon. Kiyo A. Matsumoto:

This office represents Defendants in the above-referenced matter. Pursuant to this Court's directive and order, this office writes to respond to the Court's Order, dated September 13, 2024, wherein the Court requested Defendants' intent with respect to advancing this litigation.

As an initial matter, Defendants maintain that the allegations contained in *Second* Amended Complaint in this instant action are baseless and without merit. Accordingly, Defendants respectfully request leave to (1) formally file a motion to dismiss the Second Amended Complaint; and (2) formally file a supplemental summary judgment motion pursuant to Fed. R. Civ. P. Rule 56.

Indeed, Plaintiff's request for a permanent injunction, seeks prior restraint against Defendants' first amendment rights and to chill constitutionally protected speech, and therefore must be dismissed.

As this Court knows, opinion-based comments of public figures are actionable if it can be proven by clear and convincing evidence that the defendant acted with actual malice, defined as knowledge of its falsity or reckless disregard for the truth." *Coleman v. Grand*, 523 F. Supp. 3d 244, 255 (E.D.N.Y. 2021) (internal quotations omitted). Defendants' alleged defamatory statements, posted on social media, in no way whatsoever, can reasonably be determined as a statement of fact rather than a mere opinion.

Indeed, "[o]nly a provable statement of fact…unlike a statement of opinion or a loose, figurative or hyperbolic statement – can be actionable as defamation." *Mirza v. Amar*, 513 F. Supp. 3d 292, 297 (E.D.N.Y. 2021) (internal quotations omitted). New York case law demonstrates that Courts consider the following factors to determine whether a statement constitutes a non-actionable opinion: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact." *Id*. at 297.

Further, Plaintiff has demonstrated that they have purposefully availed themselves to the public pursuant to some form of notoriety, constituting as designation as a limited-purpose public figure. As this Honorable Court knows, "[a] public figure is someone with "general fame or notoriety in the community, and pervasive involvement in the affairs of society." *Coleman v. Grand*, 523 F. Supp. 3d 244, 255 (E.D.N.Y. 2021).

      The Second Circuit uses a 4-part test to determine whether an individual qualifies as a limited-purpose public figure. An individual under this test qualifies if they have "(1) successfully invited public attention to [their] views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected [themselves] into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media." *Sheindlin v. Brady*, 597 F. Supp. 3d 607, 627–28 (S.D.N.Y. 2022).

      Further, "[i]n determining whether a plaintiff is a public figure, New York courts *<u>examine whether plaintiff had taken affirmative steps to attract personal attention or had strived to achieve a measure of public acclaim. Voluntary attention-seeking, or voluntary participation in a particular controversy is a key factor in determining limited public figure status</u>*." *Id.* At 628 (emphasis added).

      Finally, "if a plaintiff is classified as a public figure, he must then prove by clear and convincing evidence that the defendant acted with actual malice, defined as 'knowledge of its falsity or reckless disregard for the truth.'" *Coleman v. Grand*, 523 F. Supp. 3d 244, 255 (E.D.N.Y. 2021).

      Here, it is without question that Plaintiff is a limited purpose public figure who has sought notoriety with respect to the subject matter of the alleged defamatory statement. Further, Defendants' statements—mere opinions that are constitutionally protected—concern a limited-purpose public figure, who cannot, with clear and convincing evidence, contend that the alleged defamatory statements were published with actual malice.

      Thus, in light of the above-mentioned information, it is respectfully requested that Plaintiff's Complaint in this instant action be dismissed, in its entirety, with prejudice. Defendants are granted leave to file a motion to dismiss the Complaint filed in this instant action.

      Thank you for your time and attention in this instant matter.

      Respectfully submitted,

      */s/ Victor M. Feraru*

cc: All Parties via ECF